NOT DESIGNATED FOR PUBLICATION

No. 117,462

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERICKA L. WEBBER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Chase District Court; JEFFRY J. LARSON, judge. Opinion filed May 18, 2018. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Ericka L. Webber contends the district court improperly used a prior Wichita municipal court conviction for driving under the influence (DUI) in her criminal history to enhance the sentence for her current state law DUI conviction under K.S.A. 2017 Supp. 8-1567(b). Because there is no DUI conviction under a Wichita municipal ordinance in her criminal history, we affirm.

The State charged Webber with third offense DUI, a nonperson felony under K.S.A. 2017 Supp. 8-1567(b)(1)(D), two traffic infractions, and misdemeanor circumvention of ignition interlock device. Webber pled no contest to the DUI charge and the State dismissed the remaining charges. The presentence investigation (PSI) report prepared before sentencing indicated that Webber had three prior DUI convictions, all for violating 8-1567.

At sentencing, the State informed the court that Webber fell into the category of fourth or subsequent DUI under K.S.A. 2017 Supp. 8-1567(b)(1)(E). The district judge reviewed Webber's criminal history and stated in relevant part:

> "[T]his is your fourth DUI overall. It is your fourth since 2007. . . . When you had your first DUI it was about what we can do for you to help you along with your addiction or your drinking. When you had your second one it was still that. Maybe even to some degree when it was your third one. But when you are on your fourth DUI with 9 other felonies, it is not about what we can do for you anymore. The focus switches to what can I do to protect the community and society."

The district court judge sentenced Webber to serve a one-year jail sentence with one-year postrelease supervision and a $2,500 fine. Webber timely appealed.

ANALYSIS

In her only issue on appeal, Webber contends the district court violated her constitutional rights through improper judicial fact-finding when it used a 2007 DUI conviction pursuant to a Wichita municipal ordinance in her criminal history to enhance the sentence for her current state law DUI conviction from a third offense under K.S.A.

2017 Supp. 8-1567(b)(1)(D) to a fourth or subsequent offense under K.S.A. 2017 Supp. 8-1567(b)(1)(E).

As a preliminary matter, the State argues that Webber's claim is moot because she would not be entitled to any relief if the district court resentenced her for third offense DUI rather than for fourth or subsequent DUI. The State notes that Webber should have already completed her one-year jail term, which commenced December 1, 2016, and that her 12-month postrelease sentence would be the same regardless of which statute Webber was sentenced under. Similarly, the State argues that Webber has already paid her $2,500 fine, and that fine was within the range applicable to a third-time offender. Compare K.S.A. 2017 Supp. 8-1567(b)(1)(D) (fine for third DUI shall be "not less than $1,750 nor more than $2,500") with K.S.A. 2017 Supp. 8-1567(b)(1)(E) (fine for fourth or subsequent DUI shall be $2,500). It is the State's position that because Webber's sentence was proper under K.S.A. 2017 Supp. 8-1567(b)(1)(D), this court should not remand for resentencing.

But this court need not address the mootness issue because the record does not support Webber's claim on appeal. The PSI report indicated that all three of Webber's prior DUI convictions were for violating 8-1567, including the 2007 conviction on which she relies. While the 2007 DUI conviction is coded "M," which is used to designate a municipal conviction, it is ambiguous at best whether Webber's 2007 DUI was a municipal or state violation—the record does not identify a Wichita ordinance under which Webber was convicted. And Webber never specified in her appellate brief what ordinance she claims she was convicted under in 2007.

There is no evidence in the record to support a conclusion by this court that Webber's 2007 DUI conviction was for violating a Wichita municipal ordinance. The PSI report states that the source of information for the 2007 DUI conviction is a prior PSI report, but the prior report is not in the record. There is no testimony about the prior

conviction to which this court could refer. The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013).

The record does not support Webber's argument that the district court improperly relied on a previous Wichita municipal DUI conviction to determine her sentence for her current DUI conviction.

Affirmed.